## Burell v. Langhorne

*James H. Molloy*, for plaintiff; *Felix & Felix*, for defendant.

SMITH, P. J., August 23, 1932.—The plaintiff filed an affidavit for warrant of arrest against the defendant, who was apprehended on October 22, 1931. The proceeding was under the provisions of the Act of July 12, 1842, P. L. 339, an act to abolish imprisonment for debt and to punish fraudulent debtors.

It is alleged on the part of plaintiff that the defendant, while a debtor of plaintiff, removed certain of his property from the district in which he resided, and in which suit had been brought, with intent to defraud his creditors; and that he owns property or has property which he fraudulently conceals, and that he has rights of action or some interest in public or corporate stock, money or evidences of debt, which he unjustly refuses to apply to the payment of any judgment or judgments which shall have been rendered against him; that he has assigned, removed, or disposed of, or is about to dispose of his property with intent to defraud his creditors; and that he had fraudulently contracted a debt or incurred an obligation, for which this suit has been brought.

An answer was filed by the defendant, denying the allegations set forth in the affidavit of complainant, a hearing was had, and testimony taken.

It appears from the evidence in this case that the defendant was a contractor, and that he had entered into a contract for the erection of a public building in the State of Maryland; that during the course of the construction of this building he received, from time to time, certain payments, and the last payment was in the sum of $55,000. Out of this $55,000, it is alleged by plaintiff, the defendant fraudulently appropriated at least a part and converted it to his own use; and he has failed and refused to pay the debt of plaintiff out of the moneys thus received by him on account of his contract. It also appears that the defendant failed to complete his contract. However, the defendant was called as under cross-examination and testified that he had not appropriated any of this money to his own use, but that all of it had been used to pay his creditors, there being one item in the sum of about $8500 which was used to repay his wife a loan, which he said he had secured from her several years ago. He was also able to produce canceled checks for the payment of the greater part of this money.

It appears further from the evidence that the defendant had removed from the City of Philadelphia into Montgomery County, just a short distance from the county line. The evidence disclosed that he had been living in a valuable property within the city limits, but that there was a large mortgage existing upon it, that he was unable to meet the fixed charges upon it, and that it was for that reason that he abandoned the property. He also stated that while he

had removed from Philadelphia County, he maintained an office in the city until the receiver in bankruptcy had taken charge.

The question for this court to determine is whether, under the evidence and the law, as applied by this act of assembly, there is sufficient to warrant the court in finding that the defendant had removed any of his property out of the jurisdiction of the court, or fraudulently converted the same, or whether or not he has any rights of action, etc., which he refuses to apply to the payment of any judgment or judgments rendered against him; and whether or not he has assigned, removed or disposed of his property with intent to defraud his creditors; or, lastly, whether or not he fraudulently contracted the debt or incurred the obligation respecting which this suit is brought.

After a careful review of all the evidence that was submitted to the court, we do not find that the defendant has specifically violated any of the provisions of this act of assembly. It is true that he preferred some of his creditors above others, by paying in full or paying in part; but this he had a right to do, and the other creditors have their remedy by way of proceedings in bankruptcy. Nor was it a violation of this act of assembly for him to repay to his wife the money which he had borrowed from her. It appears from the evidence that, subsequent to these proceedings being brought, Mrs. Langhorne died, and due to her physical condition before she died the defendant was unable to call her as a witness as to the money transaction between herself and her husband. The defendant did, however, obtain a photostatic copy of the bank account of William Langhorne, which he attached to his paper book, and this shows that on December 5, 1922, William Langhorne received the sum of $10,000, which went into his bank account. While this paper, strictly speaking, is not evidence, and perhaps should not be considered as such by the court, yet, this being in the nature of a criminal proceeding, we believe the defendant should have the benefit of the doubt; and at least it reflects the fact that the defendant received, from some source, the amount he alleges he got from his wife at or about that time.

There is no evidence in the case that the defendant has removed any of his property out of the jurisdiction, excepting, perhaps, what might be termed his household goods or effects; and even had he done so, it was incumbent upon the plaintiff to satisfy the court that the goods had been removed for the purpose of cheating and defrauding his creditors.

It is not enough that the removal be enjoined in equity; the fraud must be satisfactorily shown: Com. v. Hickey, 2 Pars. Eq. Cas. 317.

Plaintiff has cited several authorities to support this action, but an examination of them reveals that the facts in these several cases are widely different from those in the instant case.

There seems to be considerable controversy between counsel for plaintiff and defendant as to whether or not money in the hands of a defendant is such property as is contemplated by the Act of 1842. However, it is not necessary for the court to decide that question in this case, because of the failure on the part of plaintiff to show that the defendant either had any money in his possession at the time this action was brought, or that he is concealing any, or has taken any out of the jurisdiction of the court. In fact, the defendant testified that he was compelled to borrow sufficient money to come to the hearing.

It is true that the defendant testified as under cross-examination, but the plaintiff nowhere either refuted or contradicted any of the testimony that was given by him.

548

We do not deem it necessary to discuss this matter further, for we are convinced that plaintiff has failed to make out a case; and, therefore, the defendant should be discharged from arrest.

With regard to the contention that the defendant fraudulently contracted the indebtedness, we do not agree; the testimony indicates that the moneys which he is alleged to have received were the result of his contract for the building in Maryland.

And now, August 23, 1932, the motion to quash the warrant of arrest is sustained, and the defendant is discharged from arrest in these proceedings.